# UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
### WESTERN DIVISION

CARL GODFREY,
                Plaintiff,

vs.

HAMILTON COUNTY JUVENILE
COURT, JOHN M. WILLIAMS,
ADMINISTRATOR, et. al.,
                Defendants.

Case No. 1:18-cv-663
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

## I.  Introduction

Plaintiff Carl Godfrey brings this action under 42 U.S.C. § 1983 and state law against

defendants the Hamilton County, Ohio Board of Commissioners (the Board)[1]; Hamilton County

Juvenile Court Administrator John M. Williams in his official and individual capacities;

superintendent Dwayne R. Bowman in his official and individual capacities; correctional officer

Middleson and supervisors Lonzman and Allen in their official and individual capacities; and

unknown nurse employed by the Hamilton County Juvenile Detention Center (Detention Center).

Plaintiff filed the complaint on September 20, 2018, and was granted leave to file an amended

complaint on December 6, 2018.  (*See* Doc. 23).  Plaintiff brings claims under § 1983 for

violations of his Eighth Amendment rights (First and Second Causes of Action); violations of his

Fourth and Fourteenth Amendment rights based on breach of a duty to train, instruct, and

supervise (Third Cause of Action); and violations of his Fourth Amendment rights based on

---

[1] In the original complaint, plaintiff named Hamilton County Commissioners Chris Monzel, Denise Driehaus, and Todd Portune as defendants in their official capacity (the Commissioners).  (Doc. 2).  The amended complaint names the Hamilton County Board of Commissioners as a defendant.  (Doc. 23 at 2).

excessive use of force (Fourth Cause of Action). Plaintiff brings state law claims for assault and battery (Fifth Cause of Action); intentional infliction of emotional distress (Sixth Cause of Action); and negligence in violation of Ohio Rev. Code "2307" and § 2307.50 (Seventh Cause of Action). (*Id.*).

This matter is before the Court on the following motions:

- The Commissioners' motion for judgment on the pleadings related to the original complaint (Doc. 10), plaintiff's response in opposition (Doc. 15), and the Commissioners' reply in support of their motion (Doc. 18).

- Defendant Williams' motion to dismiss the original complaint (Doc. 14) and plaintiff's opposing memorandum (Doc. 19).

- The Board's motion for judgment on the pleadings directed to the amended complaint (Doc. 26), plaintiff's opposing memorandum (Doc. 29), and the Board's reply (Doc. 32).

- Defendant Williams' motion to dismiss the first amended complaint (Doc. 28), plaintiff's opposing memorandum (Doc. 30), and Williams' reply (Doc. 33).

- Plaintiff's second motion to amend/correct the complaint (Doc. 31), and defendant Williams and the Board's opposing memoranda (Docs. 34, 35).

## II. The Amended Complaint

Plaintiff's amended complaint makes the following allegations: Plaintiff is a resident of Hamilton County, Ohio. All defendants "are located in Hamilton County." (Doc. 23 at 1). Defendants Bowman, Lonzman, Allen, Middleson, and the unknown nurse all work for the Detention Center. "[T]he Hamilton County Board of Commissioner (Board), [sic] Judge Williams are responsible for regulating and supervising Hamilton County Ohio Juvenile Court." (*Id.* at 2).

At all relevant times, plaintiff Godfrey was housed at the Detention Center. In January 2017, plaintiff and another resident got into a fight at the Detention Center. The two were face down on the floor, and as a correctional officer sat on plaintiff's back plaintiff said, "I can't

breath" [sic]. (*Id.*). Correctional Officers Middleson and Sloan walked plaintiff to his room. Middleson was bending plaintiff's finger as they walked and broke it. Middleson and Sloan put plaintiff on his knees on the floor in front of his bed and left the room. When the nurse came to plaintiff's room a short time later, plaintiff's finger was swollen and he told her, "[M]y finger is broke, my hand is broke." (*Id.* at 3). The nurse walked out of the room. In July 2017, plaintiff had surgery on the finger because no corrective measures had been taken after it was broken.

In February 2018, Godfrey and supervisor Lundsman got into an argument at the Detention Center. After Lundsman put plaintiff in a room by himself, the two started arguing again. Correctional officers Parker, Middleson, and Daniels started to restrain plaintiff. Middleson grabbed, twisted, and bent plaintiff's previously injured finger and thumb and broke his finger a second time. After plaintiff told Middleson to stop and he was on his knees on the floor, the correctional officers walked out of the room.

## III. The parties' motions for judgment on the pleadings and to dismiss plaintiff's claims

### A. The motions directed to the original complaint (Docs. 10, 14)

The Commissioners sought judgment on the pleadings on the original complaint on October 24, 2018. (Doc. 10). Defendant Williams filed a motion to dismiss the original complaint. (Doc. 14). Plaintiff subsequently filed the amended complaint. (Doc. 23). The Board filed a second motion for judgment on the pleadings (Doc. 26) and defendant Williams filed a motion to dismiss the amended complaint (Doc. 28). As the amended complaint supersedes the original complaint and is the operative complaint, *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014), the Court will address the parties' motions directed to the amended complaint. (Docs. 26, 28). Therefore, the Commissioners' first motion for judgment on the

pleading (Doc. 10) and Williams' motion to dismiss the original complaint (Doc. 14) should be denied as moot.

## B. The motions directed to the amended complaint (Docs. 26, 28)

### 1. Standard of review

In ruling on a Rule 12(b)(6) motion, the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). The Court need not accept as true the plaintiff's legal conclusions. *See Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003).

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports,*

*Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

### 2. Plaintiff's § 1983 claim against the Board should be dismissed.

The Board moves to dismiss the § 1983 claim against it on the ground the Board cannot be held liable for the incidents alleged in the complaint based on the acts or omissions of the Hamilton County Juvenile Court or the Detention Center. (Doc. 26). The Board argues that it has no responsibility for the hiring and training of Detention Center employees, and it has no say in how the Detention Center is operated. The Board alleges that under Ohio statutory law, only the superintendent appointed by the administrative judge of the Juvenile Court has operational control over the Detention Center.

Plaintiff argues in response that it is not the Court's task at the pleading stage to undertake an exhaustive analysis of the legal validity of a claim. (Doc. 29). Plaintiff asserts that the complaint need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Plaintiff contends that he alleged in the original complaint that the Board is "responsible for regulating and supervising Hamilton County Juvenile Court and the detention center is part of the Juvenile Court." (*Id.* at 1, citing Doc. 2). Plaintiff further alleges that the Board's website shows "they have some responsibility" for the Detention Center. (*Id.* at 5).

Plaintiff asserts that whether the Board breached a duty and proximately caused harm to him will require discovery. (*Id.*).

In reply, the Board asserts that Ohio Rev. Code § 2151.70 clearly demonstrates that the Board has no operational control over a county juvenile detention facility. (Doc. 32). The Board alleges it cannot be held liable for plaintiff's injuries as a matter of law because control of the Detention Center is a legal issue that must be resolved in accordance with Ohio statutes and cannot be determined by reference to the Hamilton County website.

Plaintiff's complaint fails to state a claim for relief against the Board under § 1983. An Ohio county can be sued under § 1983 through its board of commissioners. *Smith v. Grady*, 960 F. Supp. 2d 735, 740 (S.D. Ohio 2013) (citing Ohio Rev. Code § 305.12). Plaintiff's complaint against the Board is in reality an official capacity suit against Hamilton County, the entity of which the Board is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Municipalities and counties are not vicariously liable for the actions of their employees under § 1983. *Id.* "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief under § 1983 against a county, plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the county. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). A plaintiff may show the existence of an unlawful policy or custom by demonstrating "(1) the existence of an illegal official policy or legislative

enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Counties and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff seeks to impose liability on the Board under § 1983 for injuries he allegedly sustained as a result of the use of excessive force and a lack of prompt medical treatment by Detention Center employees. Plaintiff's sole allegation against the Board in the amended complaint is that "the Hamilton County Board of Commissioners, [and] Judge Williams are responsible for regulating and supervising [the] Hamilton County Ohio Juvenile Court." (Doc. 23 at 2). Plaintiff contends that the Detention Center is part of the Juvenile Court and, by extension, the Board is responsible for Detention Center employees. (Doc. 29 at 5).[2] Plaintiff's barebones allegation that the Board is responsible for regulating and supervising the Juvenile Court and the Detention Center and therefore liable in this case is an attempt to impose

---

[2] Although plaintiff relies on provisions of the Ohio Revised Code to argue the Board is responsible for "regulating and supervising" the Hamilton County Juvenile Court and the Detention Center, the statutory scheme does not support plaintiff's position that the Board has any responsibility for training, instructing, and supervising Detention Center employees. The Board is responsible for appropriating funding annually as requested by the Juvenile Court judge for the maintenance and operation of the Detention Center. Ohio Rev. Code § 2151.10. However, it is the Juvenile Court judge who appoints the superintendent of the Detention Center. Ohio Rev. Code §§ 2151.70, 2151.65. The judge fixes the compensation of the superintendent and the other employees of the facility, which together with other maintenance expenses must be paid in accordance with Ohio Rev. Code § 2151.13. Ohio Rev. Code § 2151.70. The superintendent in turn "shall appoint all employees of such facilities"; "shall have entire executive charge of such facility, under supervision of the judge"; and "shall control, manage, and operate the facility, and shall have custody of its property, files and records." *Id.* Thus, under the statutory scheme, the Board has the authority to appropriate funds for the Detention Center but no authority over the facility's hiring decisions, executive management decisions, or daily operations.

vicarious liability on the Board. This is an insufficient basis to state a claim for relief under §

1983 against the Board. *Gregory*, 220 F.3d at 441. In addition, plaintiff has alleged no facts

indicating that Detention Center employees violated his constitutional rights pursuant to a policy

or custom of the County. Plaintiff's allegations are insufficient to support the imposition of

liability on the Board for the alleged acts and omissions of the Detention Center employees

under a failure to train or any other theory of liability. *Burgess*, 735 F.3d at 478. Thus, plaintiff

has failed to state an actionable claim for relief against the Board based on the theory of

municipal liability. *See Monell*, 436 U.S. at 693-94. Plaintiff's § 1983 claim against the Board

should be dismissed.

### 3. Plaintiff's § 1983 claims against defendant Williams should be dismissed.

Defendant Williams moves to dismiss plaintiff's amended complaint under Fed. R. Civ.

P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 28). Williams

argues he cannot be sued in his official capacity under § 1983 because the Juvenile Court has

immunity from suit under the Eleventh Amendment and is not *sui juris*. (*Id*. at 8-9). He asserts

that he cannot be sued in his individual capacity under § 1983 for failure to train, instruct, and

supervise Detention Center employees because he is not vested with this responsibility. (*Id*. at

9).

Plaintiff's amended complaint against defendant Williams in his official capacity should

be dismissed. Any form of relief sought against a State in federal court is barred under the

Eleventh Amendment unless the State has waived its sovereign immunity. *See Seminole Tribe of

Fla. v. Fla.*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

98-101 (1984); *Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 654 n.8 (6th Cir. 2007). The

State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity

in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against state officials in their official capacities would, in reality, be a way of pleading the action against the entity of which the state officials are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.") (citation and ellipsis omitted)).

A claim against a Juvenile Court judge in his official capacity is treated as a suit against the Juvenile Court[3], which is an arm of the state. *Smith v. Grady*, 960 F. Supp. 2d 735, 752 (S.D. Ohio 2013). This Court has previously held that because the Hamilton County Juvenile Court is an arm of the state, a juvenile court judge who is sued in his or her official capacity is entitled to sovereign immunity under the Eleventh Amendment. *Id. See also Hunter v. Hamilton County*, No. 1:15-cv-540, 2016 WL 11463840, at *6 (S.D. Ohio May 5, 2016) (Report and Recommendation), *adopted*, 2016 WL 4836810 (S.D. Ohio Sept. 15, 2016) (citing *Hafer v.*

---

[3] Even if plaintiff named the Hamilton County Juvenile Court as a defendant, a juvenile court is not a legal entity that is capable of being sued. *Harsh v. City of Franklin, Ohio*, No. 1:07-874, 2009 WL 806653, at *5 (S.D. Ohio Mar. 26, 2009) (the Supreme Court of Ohio has determined that Ohio courts are not sui juris) (citing *Burton v. Hamilton County Juvenile Court*, No. 1:04-cv-368, 2006 WL 91600, *5 (S.D. Ohio Jan 11, 2006) (the Hamilton County Juvenile Court is not a legal entity capable of being sued)).

*Melo*, 502 U.S. 21, 25-26 (1991) (citing *Will*, 491 U.S. at 66-71; *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979)). Therefore, defendant Williams, in his official capacity, is immune from suit under the Eleventh Amendment. Plaintiff's § 1983 claim against Williams in his official capacity should be dismissed.

Plaintiff's amended complaint against defendant Williams in his individual capacity should also be dismissed. Plaintiff's sole allegation against Williams in support of the § 1983 claim is that he is "responsible for regulating and supervising [the] Hamilton County Ohio Juvenile Court." (Doc. 23). Plaintiff brings a § 1983 claim against Williams for failure to "[t]rain, [i]nstruct and [s]upervise" based on this allegation. (Doc. 23 at 4-5). Plaintiff alleges:

> Defendants' conduct, as described above, including permitting the use of bending appendages after plaintiff is subdued constitute [sic] a breach of duty to train, instruct, and supervise, was shocking to the conscience or outrageous, and violated Plaintiffs [sic] rights guaranteed to him under the Fourth and Fourteenth Amendments to the Constitution of the United States and enforced through 42 U.S.C. Section 1983.

(Doc. 23, ¶ 9).

An individual-capacity suit under § 1983 must be premised on more than *respondeat superior* liability. *See Iqbal*, 556 U.S. 676; *Monell*, 436 U.S. at 691. "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The "failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982); *see also McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006). Liability under § 1983 is

premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*,
310 F.3d 889, 899 (6th Cir. 2002) (citations omitted).

Plaintiff alleges no facts indicating that Williams "either encouraged the specific incident
of misconduct or in some other way directly participated in it," or that he "at least implicitly
authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending
officers." *See Hays,* 668 F.2d at 874. Plaintiff's allegations that Williams has supervisory
responsibility for the Juvenile Court and did not train, instruct, or supervise employees of the
Detention Center are vague and conclusory. Under Ohio law, the Detention Center
Superintendent, and not the Juvenile Court judge, is responsible for managing and supervising
Detention Center employees. *See* Ohio Rev. Code § 2151.70. Plaintiff essentially alleges
vicarious liability against defendant Williams, which cannot support a § 1983 claim against
Williams. The § 1983 claim brought against Williams in his individual capacity should be
dismissed.

**4. Plaintiff's state law claims against defendants Board and Williams should also be dismissed.**

Plaintiff brings claims under Ohio law for assault and battery, negligence, and intentional
infliction of emotional distress. (Doc. 23). Plaintiff alleges that "Defendants' conduct" as
described in the complaint constituted an assault and battery and intentional infliction of
emotional distress and was "malicious, wanton, or reckless" and "shocking to the conscience."
(*Id*. at 6). Plaintiff seeks to hold the Board and Williams liable for the alleged state law
violations. Plaintiff contends that defendants had notice of the state law claims and are not
immune from liability under the Ohio Political Subdivision Tort Liability Act, Ohio Rev. Code §
2744.02. (Docs. 29, 30).

a. *The state law claims against the Board should be dismissed.*

Section 2744.02 of the Ohio Revised Code establishes a three-tiered analysis for determining whether a political subdivision is immune from liability. *Jordan v. Murphy*, 145 F. App'x 513, 518 (6th Cir. 2005). First, the Act sets forth the general rule that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." *Id.* (quoting Ohio Rev. Code § 2744.02(A)(1)). Second, Ohio Rev. Code § 2744.02(B) sets out five exceptions to the general grant of immunity. *Id.* If the Court finds that an exception to the general grant of immunity applies under the second tier analysis, the third tier analysis applies. Under the third tier, the political subdivision can have immunity reinstated by establishing that a defense set forth in § 2744.03 applies. *Id.*

Plaintiff argues the Board does not have immunity from liability under § 2744.02(B)(2)[4] because it had an affirmative duty to act as shown by its website. (Doc. 29 at 6). Plaintiff contends that the "Hamilton County Juvenile Court and Youth Center" is listed under "services" on the "Board of Hamilton County website," and the website states that the Board created the "appointed office of County Administrator to manage Board policies and prepare the County budget." (*Id.*). Based on these statements, plaintiff alleges that the Board has "a proprietary

---

[4] Ohio Rev. Code § 2744.02(B)(2) provides:

> Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
> ***
> (2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

responsibility to the Juvenile Court Youth Center" and "liability for injury for the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." (*Id.*). Plaintiff alleges that discovery must be conducted to determine if the proximate cause of his injury was "the Board's budgetary, hiring, or 'Hamilton County Board of Commissioners Policy Manual,' hiring or negligent acts of the county administrator." (*Id.*). Plaintiff argues the Board is not immune from liability under the second tier analysis of Ohio Rev. Code § 2744.03(A)(6)(b) because the officers' conduct was "wanton and reckless" as is alleged in the complaint. (*Id.* at 7-8). Plaintiff further argues that the Board is not immune from liability under Ohio Rev. Code § 2744.02(B)(5)[5] if it had a "special duty to act." (*Id.* at 8-9). Plaintiff alleges that discovery must be completed to ascertain if "the Board knew of multiple excessive force cases and even if they knew Officer Peterson[6] is predisposed to excessive force." (*Id.* at 9).

The Board argues in reply that it is immune from liability for assault and battery and intentional infliction of emotional distress under the three-tier analysis of § 2744.02. (Doc. 32). The Board further alleges that the common law special duty doctrine has no application here. (*Id.* at 3, citing *Sawicki v. Village of Ottawa Hills*, 525 N.E.2d 468 (Ohio 1988)).

The allegations of the complaint do not permit a finding that the Board of Commissioners can be held liable under state law for the negligence or intentional torts of an employee of the Detention Center. A political subdivision is generally not liable in damages. *Greene Cty. Agric. Soc. v. Liming*, 733 N.E.2d 1141, 1146 (Ohio 2000). *See also Woods v. Miamisburg City*

---

[5] Section 2744.02(B)(5) states that "a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code."

[6] "Officer Peterson" is not named as a defendant and is not mentioned in the complaint. It is not clear what plaintiff is referring to here.

*Schools*, 254 F. Supp. 2d 868, 880 (S.D. Ohio 2003) ("Ohio courts have consistently held that political subdivisions, particularly those acting in a governmental capacity, are exempt from intentional tort claims."). Plaintiff has not alleged facts to show that an exception to liability applies here. Plaintiff argues that the functions at issue are proprietary functions. However, he seeks to hold the Board liable based on its alleged authority to regulate and supervise the Detention Center. "The . . . operation of . . . places of juvenile detention . . . or any other detention facility, as defined in section 2921.01 of the Revised Code," is a governmental function under Ohio law. Ohio Rev. Code § 2744.01(C)(1)(h). *See also Smeal ex rel. Smeal v. Alexander*, No. 5:06-cv-2109, 2006 WL 3469637, at *9 (N.D. Ohio Nov. 30, 2006) ("the provision of police services[,] judicial, quasi-judicial and prosecutorial functions[,] and the operation of jails" are defined as governmental functions under Ohio Rev. Code §§ 2744.01(C)(2)(a), (f) and (h)). Plaintiff has not shown there is an exception to the Board's immunity for damages in connection with a governmental function under § 2744.02(B) that potentially applies to his intentional tort or negligence claims.

In addition, the "special duty" or "public duty" rule has no applicability here. The rule, which is a defense to liability of employees of a political subdivision, holds that "a municipality owes a duty only to the general public when performing functions imposed on it by law, and therefore it is not liable for a breach of that duty resulting in harm to an individual, absent a special duty owed to the injured person." *Est. of Graves v. Circleville*, 922 N.E.2d 201, 204 (Ohio 2010). The rule is not applicable in civil actions, such as this case, which are "brought against employees of political subdivisions for wanton or reckless conduct" after the effective date of Ohio Rev. Code Ch. 2744. *Id.* at 202, syll.

Plaintiff's allegations do not permit a finding that the Board can be held liable under state law for any damages that he claims proximately resulted from the negligence or intentional tort of a Detention Center employee. The state law claims against the Board should be dismissed.

>   *b.   The state law claims against Williams should be dismissed.*

Defendant Williams moves to dismiss plaintiff's state law claims (Fifth, Sixth, and Seventh Causes of Action) on the grounds Williams did not personally engage in any tortious conduct, and neither he nor the Juvenile Court can be held vicariously liable for the torts of certain Detention Center employees. (Doc. 28). Williams contends that plaintiff's claims premised on the Ohio Constitution must fail because plaintiff has not identified a specific constitutional provision that he allegedly violated, and there is no private right of action under the Ohio Constitution. (*Id*. at 4-5). Williams alleges he did not employ or control employees of the Detention Center, but instead those employees are under the direct management and supervision of the facility's Superintendent, defendant Bowman, pursuant to Ohio Rev. Code § 2151.70. (*Id*. at 5). Williams also asserts that plaintiff's negligence claims must be dismissed because plaintiff has not asserted that Williams owed a duty to him that he breached, and plaintiff has not alleged facts to show that Ohio Rev. Code § 2307.50 applies here.[7] (*Id*. at 5-6). In addition, Williams alleges that all state law claims brought against him must be dismissed because he has statutory immunity from liability under Ohio Rev. Code §§ 2744.02, 2744.03, and 9.86.

Plaintiff seeks to hold Williams liable under the Ohio Constitution and laws on the grounds the amended complaint gives him fair notice of the claims against him; the complaint alleges that "[the] Hamilton County Juvenile Court Judge is responsible for regulating and

---

[7] Ohio Rev. Code § 2307.50 provides a civil remedy to an adult who is deprived of a parental or guardianship interest in a minor who is the victim of a child stealing crime.

supervising Hamilton County Juvenile Court Detention Center which is a part of the Juvenile Court"; Ohio Rev. Code § 2152.42(A) vests responsibility for the Detention Center in "the (administrative) juvenile court judge"; and the Hamilton County Juvenile Court website indicates "they" have some responsibility for the Detention Center. (Doc. 30 at 5-6). Plaintiff alleges the issue to be resolved through discovery is whether Williams breached the duty vested in him and proximately caused plaintiff's harm. (*Id.* at 5-6). Plaintiff asserts that "[t]he juvenile court has ultimate responsibility for a child the juvenile court has placed in the Juvenile Court Detention facility" and for the superintendent and employees of the Detention Center. (*Id.* at 7, citing Ohio Rev. Code §§ 5139.04(B), (G), 2152.18(A)).[8] Plaintiff alleges that Williams, the administrative judge, appoints the superintendent of the Detention Center and has "supervisory responsibility and liability" for the superintendent and other employees of the Detention Center. (*Id.* at 6-7, citing Ohio Rev. Code § 2152.42[9]). Plaintiff indicates that by virtue of their supervisory roles and responsibilities, the Juvenile Court and Williams are liable if they "negligently perform[] the duty to protect" a child over whom the Juvenile Court has jurisdiction, including a child placed in the custody of the Detention Center. (*Id.* at 7-8, citing Ohio Rev. Code §§ 2151.02(C)(6)[10], 2152.42(A)). Plaintiff alleges that neither Williams nor the Juvenile Court are immune from liability under Ohio Rev. Code § 2744.02.

---

[8] Section 5139.04 defines the powers and duties of the department of youth services (DYS). Section § 2152.18(A) states that when a juvenile court commits a delinquent child to the custody of the DYS, the court shall specify that the child is "to be institutionalized in a secure facility" rather than identifying the specific institution in which the DYS is to place the child.

[9] Section 2152.42 provides: "Any detention facility . . . shall be under the direction of a superintendent [who] shall be appointed by, and under the direction of, the judge or judges [and] serves at the pleasure of the juvenile court. . . ."

[10] Section 2151.02, "'Delinquent child' defined," has been repealed.

Plaintiff has not stated a claim for relief under state law against Williams in either his official or his individual capacity because defendant Williams is immune from such relief. Defendant Williams cannot be sued in federal court in his official capacity under Ohio law. As stated *supra*, a suit against defendant Williams in his official capacity is in essence a suit against the Juvenile Court, which is an arm of the State of Ohio. As such, plaintiff's state law claims are barred by the Eleventh Amendment. *See McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012) (state law claims against state university and its officials barred by Eleventh Amendment). *See also Experimental Holdings, Inc. v. Farris,* 503 F.3d 514, 520-21 (6th Cir. 2007) ("The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment.") (citing *Pennhurst State Sch.,* 465 U.S. at 117-21).

In addition, the amended complaint does not allege any facts to support a finding that Williams can be held personally liable for plaintiff's injuries. Plaintiff mentions defendant Williams, as well as the Juvenile Court, once in the amended complaint, alleging that "Judge Williams [is] responsible for regulating and supervising Hamilton County Ohio Juvenile Court." (Doc. 23, ¶ 3). Plaintiff has not cited any authority to show that Williams can be held individually liable for the tortious acts or omissions of employees of the Detention Center simply by virtue of his role as administrative judge over the Juvenile Court. As a Juvenile Court judge, defendant Williams is under no duty to train, instruct, or supervise the employees of the Detention Center. That responsibility is held by defendant Bowman, the Superintendent of the Detention Center. *See* Ohio Rev. Code § 2151.70.

Nor has plaintiff cited any authority indicating that Williams is not exempt from liability under Ohio Rev. Code § 2743.02(F). As the Sixth Circuit has explained:

17

When faced with a claim of immunity to a supplemental state claim, a federal court must look to the appropriate state law to ascertain the nature of the immunity. *Cullinan v. Abramson*, 128 F.3d 301, 312 (6th Cir. 1997). And Ohio has not consented to state law actions against the State of Ohio and state officials outside of its own courts. *See Jones v. Hamilton Cty. Sheriff*, 838 F.3d 782, 786 (6th Cir. 2016). Ohio Rev. Code § 9.86 provides that no "employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Revised Code § 2743.02(F), in turn, establishes that lawsuits alleging damages against state employees "shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86." Thus, "Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86." *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012).

*In re Ohio Execution Protocol Litig.*, 709 F. App'x 779, 784 (6th Cir. 2017). Accordingly, under

Ohio Rev. Code §§ 9.86 and 2743.02(F), this Court lacks jurisdiction to hear state law claims

against Ohio officials until the Ohio Court of Claims has first determined that the officials are

not entitled to immunity. *See id.* As there is no allegation that the Ohio Court of Claims has

made such a determination with regard to defendant Williams in this case, plaintiff's state law

claims against defendant Williams must be dismissed for lack of subject matter jurisdiction. *See*

*Adams v. Coughlan*, No. 2:14-cv-41, 2015 WL 300465, at *4 (S.D. Ohio Jan. 22, 2015) ("[T]he

Sixth Circuit has repeatedly held that federal courts lack subject matter jurisdiction to hear state

law claims against state employees where those claims were not first brought before the Ohio

Court of Claims."). Thus, plaintiff has failed to state a claim for relief against Williams for a

violation of Ohio law.

Plaintiff has not alleged facts to show that Williams can be held liable under Ohio law in his official or individual capacity for the alleged tortious acts or omissions of the Detention Center employees. Plaintiff's state law claims against defendant Williams should be dismissed.

## IV. Plaintiff's second motion to amend/correct the complaint (Doc. 31)

Plaintiff seeks leave to file a second amended complaint to add the following language to his descriptions of the parties at the beginning of Doc. 23, ¶ 3: "John M. Williams, Hamilton County Juvenile Court Administrative Judge is responsible for appointing Superintendent Bowman of the Hamilton County Juvenile Court Detention Center." (Doc. 31 at 2). Plaintiff also requests leave to add an Eighth Cause of Action for violation of his equal protection rights, alleging at ¶ 45: "Defendants' conduct as described in [sic] above, constitute [sic] a violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and [sic] enforced through 42 U.S.C. Section 1983." (*Id*. at 7).

Defendants Williams and the Board oppose plaintiff's motion for leave to amend on the ground it would be futile. (Docs. 34, 35). Williams argues that despite the addition of the proposed language, the amended complaint includes one threadbare allegation against him, which in insufficient to support a claim for relief. (Doc. 28 at 3-4). He contends that it would be futile to allow plaintiff to amend his complaint a second time. (*Id*. at 4).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d

996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff should not be granted leave to amend the complaint a second time. Adding the allegation that Williams is responsible for appointing Bowman as Superintendent of the Detention Center would not alter the conclusion that Williams cannot be held liable for the acts or omissions of the Detention Center employees as alleged in the complaint. Further, plaintiff has not alleged facts to show that defendants' conduct burdens a fundamental right, that he is a member of a suspect class, or that defendants have treated plaintiff differently without any rational basis so as to state a claim for violation of his equal protection rights. *Short v. Mary*, 617 F. App'x 410, 413 (6th Cir. 2015). Thus, plaintiff's motion for leave to amend the complaint a second time should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant Hamilton County Commissioners' motion for judgment on the pleadings (Doc. 10) be **DENIED** as moot and the Board of Commissioners' motion for judgment on the pleadings directed to the amended complaint (Doc. 26) be **GRANTED**.

2.      Defendant Williams' motion to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 14) be **DENIED** as moot and Williams' motion to dismiss the amended complaint (Doc. 28) be **GRANTED**.

3.      Plaintiff's second motion to amend/correct the complaint (Doc. 31) be **DENIED**.

Date: 7/18/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
### WESTERN DIVISION

CARL GODFREY,
    Plaintiff,

vs.

HAMILTON COUNTY JUVENILE
COURT, et. al.
    Defendants.

Case No. 1:18-cv-663

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).